IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| **MEDICINE SHOPPE INT'L, INC.,** | * |  |
| **Plaintiff** | * |  |
| v. | * | **CIVIL NO. JKB-10-1023** |
| **MOHAMMED A. SIDDIQUI** *et al.*, | * |  |
| **Defendants** | * |  |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Pending before the Court is Defendants' motion for summary judgment (ECF No. 80) and Plaintiff's response thereto (ECF No. 81), filed simultaneously in response to the Court's prior order (ECF No. 79). In its memorandum and order of May 29, 2012 (ECF No. 79), the Court held that the settlement agreement executed by the parties to this litigation was binding and effective. The parties were directed to address the question of whether, in light of this duly executed agreement, the Court should conclude this case by entering judgment based on the settlement agreement.

Defendants have asserted the matter should be considered closed. Plaintiff, while acknowledging the agreement was duly executed, has asserted that the Court should find Defendants in material breach of it for various reasons. The Court concludes the settlement agreement ends the reason for this litigation. Although Plaintiff attempts to inject a new cause of action into this case, that will not be permitted, recognizing that Plaintiff may well elect to pursue a separate action for either breach or enforcement of the settlement agreement in a court

of competent jurisdiction.  This Court, of course, expresses no view on the validity of any claims that might be brought in such actions.  The Court will enter a separate order closing this case.

DATED this 20th day of July, 2012.

                                    BY THE COURT:

                                    _____/s/_____
                                    James K. Bredar
                                    United States District Judge